UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>        Plaintiff,<br><br>   v.<br><br>SHAIBI ABDULQAWI;<br>NINDISEVENTEEN LTD. LIABILITY CO,<br><br>        Defendants. | Case No. 1:21-cv-01304-JLT-HBK<br><br>ORDER DIRECTING CLERK TO TERMINATE MOTIONS TO STAY<br><br>(Doc. Nos. 11, 12) |

Pending before the Court are the motions to stay and motion for early evaluation conference filed by non-party Amar Kumar and Defendant Shaibi Abdulqawi on December 17 and December 20, 2021. (Doc. Nos. 11, 12). Upon review of the docket and for the reasons set forth below, the Court directs the Clerk to terminate these pending motions.

Motions to stay[1] were filed by Kumar, who is not listed as a defendant on the Complaint, and allegedly on behalf of Defendant Abdulqawi. (Doc. Nos. 11, 12). In particular, previous

---

[1] The motions were filed on a form that appears to be utilized in the California state court system containing various check boxes. (*Id.*). In particular, Kumar and Defendant Abdulqawi placed a check beside the box indicating "defendant's application pursuant to civil code Section 55.54 for stay and early evaluation conference. (Doc. Nos. 11 at 1; 12 at 1). Kumar and Defendant Abdulqawi also place a check beside the box indicating that Plaintiff is a "high frequency litigant, as defined in Code of Civil Procedure section 425.55(b), asserting a c construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55." (Doc. Nos. 11 at 2; 12 at 2).

counsel for Defendant Nindiseventeen Ltd. Liability Company, Mr. Niermeyer explained in response to an order to show cause that his firm inadvertently filed a motion to stay and stipulation to set aside the clerk's default on behalf of Defendant Shaibi Abdulqaw d/b/a J's Smoke Shop #9.  (Doc. No. 33 at 2).  Attorney Niermeyer states he does not represent Shaibi Abdulqaw d/b/a J's Smoke Shop #9.  (*Id.*).  Pertaining to Kumar, a review of the docket indicates the Clerk terminated Kumar as a party on April 25, 2022.  As previously noted, Kumar was not named as a defendant on the complaint.  (Doc. No. 31 at 1-2).   Because the attorney who filed the motions acknowledge he inadvertently filed them, the Clerk is directed to terminate these pending motions.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to terminate the motions to stay and for early evaluation conference improperly filed by non-party Amar Kumar and inadvertently filed on behalf of Defendant Shaibi Abdulqawi, who remains unrepresented.  (Doc. Nos. 11, 12).

Dated:  May 16, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE